```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DIANE HARRIS,

                      Plaintiff,

              -v-

NYU LANGONE MEDICAL CENTER, et al.,

                      Defendants.

------------------------------------------------------------X

No. 12 Civ. 0454 (RA)

ORDER ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

      Before the Court is the July 9, 2013 Report and Recommendation ("Report") of Magistrate Judge James L. Cott. The Report recommends that the motions to dismiss brought by the numerous Defendants in this action be granted in part and denied in part. It also recommends that Plaintiff Diane Harris's cross-motion to file her Proposed Third Amended Complaint be denied but that she be granted leave to file a new Third Amended Complaint, subject to certain conditions. Finally, the Report recommends that the parties' motions for sanctions be denied.

      Plaintiff filed objections to the Report on August 19, 2013 and amended them on August 29, 2013 (collectively, "Objections"). The NYU and CCA Defendants ("Defendants") opposed the Objections on September 10, 2013 ("Opposition").[1] The deadline for Plaintiff to file a reply was September 19, 2013, but no reply was filed. For the reasons set forth below, save for one minor modification, the Court adopts the thorough and well-reasoned Report in its entirety. Plaintiff shall, no later than October 31, 2013, file a Third Amended Complaint subject to the conditions set forth in the Report.

---

[1] The term "NYU and CCA Defendants" refers to those individuals and entities listed at page one of the Opposition.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, a party makes specific objections to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." Francis v. A & E Stores, Inc., No. 06 Civ. 1638 (CS) (GAY), 2008 WL 4619858, at *1 (S.D.N.Y. Oct. 16, 2008). The clearly-erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. Id. (citations and quotation marks omitted).

## DISCUSSION

The allegations of Plaintiff's Second Amended Complaint are summarized in the Report, the contents of which the Court assumes familiarity. Plaintiff objects to the Report on the grounds that: (1) the Report incorrectly states the relevant date on which Plaintiff submitted a charge to the Equal Employment Opportunity Commission ("EEOC"), which subsequently "mishandled" her complaint; (2) the Report incorrectly states the number of pages contained in Plaintiff's Proposed Third Amended Complaint; (3) she had "one less week to read and prepare [her] objections to the [Report]" than she would have had were she permitted free access to the Public Access to Court Electronic Records ("PACER") service; and (4) the Report is "unfair" and the Court did not act impartially. The Court addresses each of these objections in turn.

Finally, the Court briefly addresses the Report's recommendation that Plaintiff be permitted to file a Third Amended Complaint.

*Plaintiff's Objections Regarding Her EEOC Charge*

Plaintiff first takes issue with the Report's statement that "[o]n February 1, 2010, Harris filed a complaint with the EEOC[.]" (Objections 1; Report 13.) The Report is correct that Plaintiff filed her Charge of Discrimination with the EEOC ("EEOC Charge") on February 1, 2010. (Objections Ex. 2.) As Plaintiff notes, however, before filing her EEOC Charge, she filed an Equal Employment Opportunity Intake Questionnaire ("Intake Questionnaire") on January 19, 2010. (Objections Ex. 1.)[2]

The Report uses the date on which Plaintiff filed her EEOC Charge, February 1, 2010, to calculate the date before which Defendants' allegedly discriminatory conduct could not give rise to failure-to-promote claims. Specifically, the Report states: "Harris filed her charge with the EEOC on February 1, 2010. Thus, any claims under Title VII or the ADA for failure to promote arising from unlawful acts that occurred more than 300 days prior to that date—April 7, 2009—are time-barred." (Report 45.)

In Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), the Supreme Court addressed the issue of whether an intake questionnaire filed with the EEOC could be deemed a "charge" under the Age Discrimination in Employment Act. The Court determined that it may so long as the filer has "request[ed] the agency to activate its machinery and remedial processes." Id. at 402. Following Holowecki, courts in this Circuit have determined that EEOC intake questionnaires alleging discrimination under Title VII and the ADA may also constitute "charges" if that test is met. See, e.g., Price v. City of New York, 797 F. Supp. 2d 219, 225-26

---

[2]   Although the Intake Questionnaire does not appear to have been attached to Plaintiff's Second Amended Complaint, Plaintiff attached it to her opposition to Defendants' motion to dismiss. See Declaration of Diane Harris in Support of Harris' Opposition of NYU and CCA Defendants ("Harris Decl.") at 7, Ex. C-7; see also Report 5, n.6.

(E.D.N.Y. 2011).

On the Intake Questionnaire, Plaintiff checked the box stating: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." (Harris Decl. Ex. C-7.) That language, added to the EEOC's standard intake form after Holowecki, serves as strong evidence of a plaintiff's request that the EEOC pursue remedial action, see Brown v. City of New York, No. 11. Civ. 2915 (PAE), 2013 WL 3789091, at *8-9 (S.D.N.Y. July 19, 2013), as does other information on the face of the Intake Questionnaire, such as Plaintiff's detailed descriptions of Defendant's allegedly discriminatory conduct.

In light of the foregoing, the Court concludes that the Intake Questionnaire constitutes a "charge" and that January 19, 2010 is the relevant date for purposes of calculating the timeliness of any failure-to-promote claims Plaintiff may assert in a Third Amended Complaint. Any claims under Title VII or the ADA for failure to promote arising from unlawful acts that occurred before March 25, 2009 (300 days prior to January 19, 2010) are thus time-barred. The Court doubts that Plaintiff's failure-to-promote claims will rise or fall on this distinction (as best the Court can tell, Plaintiff's pleadings contain no allegations relevant to these claims occurring after March 25, 2009 but before April 7, 2009). The Court nonetheless finds it appropriate to modify the Report to this limited extent.

Relatedly, Plaintiff objects that her complaint to the EEOC was "mishandled" because "[n]either the [EEOC] nor the NYS Division o[f] Human Rights has ever informed [her] of [their] final findings" despite the fact that she was told she would be so informed. (Objections 3.) From this assertion, Plaintiff argues that "equitable tolling should be applicable and all the recommendations in the [Report] moot." (Id. 5.)

Although Plaintiff apparently did not make this argument before Judge Cott, the Report

rejected various other of her arguments that equitable tolling should apply. (Report 45.) Plaintiff's "mishandling" argument fares no better. As a matter of logic, Plaintiff's ability to timely file an administrative charge of discrimination could not have been impacted by any subsequent alleged mishandling of that same charge. The Court therefore fails to understand, and Plaintiff does not explain, how such mishandling could affect the claims the Report determined are time-barred, let alone "all the recommendations in the [Report]." (Objections 5.)

***Plaintiff's Objection Regarding the Page Length of Her Proposed Third Amended Complaint***

Second, Plaintiff objects that the Report inaccurately states that her Proposed Third Amended Complaint is ninety-two pages even though, she contends, it is only seventy-eight pages. A review of the docket, however, reflects that Plaintiff's Proposed Third Amended Complaint does indeed total ninety-two pages, the last fourteen of which were electronically filed as part of an "Appendix" to the first seventy-eight. (Dkts. 23, 23-1.) The Report therefore accurately states the number of pages in the Proposed Third Amended Complaint, and Plaintiff's second objection is without merit.

Even assuming the Report mischaracterized the page length of the Proposed Third Amended Complaint, any such error would be immaterial. See Thomas v. S.E.A.L. Sec., Inc., 301 F. App'x 32, 34 (2d Cir. 2008) (declining to disturb magistrate judge's (subsequently adopted) report and recommendation despite alleged inaccuracy as to "immaterial" fact).

***Plaintiff's Objection Regarding PACER Access***

Third, Plaintiff objects that she "had one less week to read and prepare [her] objections to the [Report]" because, inter alia, she could not access PACER and was therefore unable to review the July 9, 2013 Report until July 15, 2013 when she received a courtesy copy from

5

Judge Cott's chambers.[3]

Putting aside the fact that this objection is not directed to "the proposed findings and recommendations" in the Report, Fed. R. Civ. P. 72(b)(2), it is plainly without merit. Plaintiff was granted a significantly longer period of time to file her objections than the fourteen days to which she is entitled as a matter of course. Id. Shortly after she received a copy of the Report, Plaintiff requested an extension of time to file her objections. (Dkt. 143.) The Court granted that request, affording Plaintiff until August 16, 2013 to file objections, i.e., over a month from the date she received the Report. (Dkt. 144.)[4] Plaintiff therefore had ample time to file her objections.

*Plaintiff's Objection Regarding Fairness and Impartiality*

Lastly, Plaintiff objects that the Report is "unfair" and she expresses "concern about the Judicial and Judiciary impartiality [sic] of the Court." (Objections 7.) Objections stating nothing more than that the magistrate judge's decisions are wrong or unjust are conclusory and do not form a specific basis for not adopting report and recommendation. Schoolfield v. Dep't of Corr., No. 91 Civ. 1691 (MJL), 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994). This objection therefore need not detain the Court for long: contrary to Plaintiff's assertions, the Court finds the Report to be exceedingly fair to Plaintiff.[5]

*The Report's Recommendation Regarding Leave to Replead*

The Report recommends that Plaintiff be permitted to replead certain of her claims in a

---

[3] The Court notes that Judge Sullivan, to whom this case was previously assigned, twice denied Plaintiff's requests for the Court to waive the fees associated with her use of PACER. (Dkts. 11, 13.) Judge Cott also recently denied such a request. (Dkt. 140.) Currently pending on the docket is yet another motion from Plaintiff that the Court waive her PACER fees. (Dkt. 142.) Substantially for the reasons expressed in the prior orders of Judges Sullivan and Cott, the Court denies Plaintiff's renewed request.

[4] As noted above, Plaintiff ultimately filed her objections on August 19, 2013. (Dkt. 149.)

[5] The Court also rejects the conclusory arguments Plaintiff has made in her first objection and elsewhere in the Objections.

6

Third Amended Complaint limited to twenty-five pages in length. Defendants maintain that "Ms. Harris . . . cannot plead viable claims against [them]." (Opp'n 2.) Defendants did not, however, object to the Report but instead simply advise that they are "willing to leave the question of whether Ms. Harris should have one final opportunity to replead to the discretion of the district court" and submit that the "Court should consider" the delay that permitting leave to replead "will serve to prejudice [them]." (Id. 3.)

The Court does not construe these statements as formal objections to Judge Cott's ruling. See Fed. R. Civ. P. 72(b)(2) (requiring "specific" objections to be served within fourteen days of report and recommendation). The Court further finds no error in Judge Cott's determination that Plaintiff should be permitted leave to file a Third Amended Complaint, subject to certain conditions. Indeed, the Court agrees with the determination that:

> [w]hile Harris has already submitted four lengthy pleadings, she did so before her pleadings were tested by motion practice and without any guidance from the Court until she filed her [Second Amended Complaint]. Because this is the first occasion the Court has had to consider Harris's pleadings, and, in light of her pro se status and the "liberal amendment policy" of Rule 15, . . . Harris should be granted leave to replead and file a final pleading—a third amended complaint—for the . . . five [listed] claims.

(Report 65-66) (citation omitted). These considerations outweigh any additional delay or expense that may befall Defendants.

Accordingly, Plaintiff shall have until October 31, 2013 to file a Third Amended Complaint.

## CONCLUSION

The Court has reviewed under a clear error standard the portions of the Report to which Plaintiff has not objected and has reviewed de novo the portions of the Report to which Plaintiff has objected. It is hereby:

ORDERED that, save for the minor modification noted above, the Court adopts Judge Cott's Report in its entirety. The Clerk of Court is respectfully directed to close item numbers 23, 73, 79, 83, 90, 117, 142, 143 on the docket of this case.

IT IS FURTHER ORDERED that Plaintiff shall have until October 31, 2013 to file a Third Amended Complaint no more than twenty-five pages in length and otherwise consistent with the conditions set forth in the Report and adopted herein.

SO ORDERED.

Dated:     September 27, 2013
             New York, New York

_____
Ronnie Abrams
United States District Judge