USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DIANE HARRIS,

                Plaintiff,

    -v-

NYU LANGONE MEDICAL CENTER, et al.,

                Defendants.

------------------------------------------------------------X

No. 12 Civ. 0454 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Diane Harris, proceeding <u>pro se</u>, alleges that Defendants discriminated and retaliated against her on the basis of her race and disability in violation of Title VII of the Civil Rights Act of 1984, the Americans with Disabilities Act of 1990, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

    On July 9, 2013, Magistrate Judge James L. Cott issued a Report and Recommendation ("Report") addressing Defendants' motions to dismiss and Plaintiff's cross-motion to file a Proposed Third Amended Complaint. The Report recommended dismissing certain of Plaintiff's claims with prejudice and granting leave for Plaintiff to file a Third Amended Complaint that repled other deficient claims. The Report also found, however, that Plaintiff had plausibly pled claims against the NYU Langone Medical Center under the NYSHRL and NYCHRL arising from a "failure to promote" alleged to have occurred in 2008.

    On September 27, 2013, the Court adopted the Report in its entirety, save for one minor modification, and granted leave for Plaintiff to file a Third Amended Complaint by October 31, 2013, subject to the conditions specified the Report. Plaintiff failed to meet this deadline. On

1

November 13, 2013, the Court gave Plaintiff one more opportunity to file her Third Amended Complaint, no later than January 15, 2014. Plaintiff was warned that her failure to do so would result in the dismissal of nearly all of her remaining claims with prejudice. She nevertheless missed this deadline as well. Thus, on February 19, 2014, the Court dismissed all of Plaintiff's claims with prejudice, with the exception of the NYSHRL and NYCHRL claims that had been plausibly pled in the operative complaint.

In its February 19, 2014 order, the Court invited the parties to submit letters by March 7, 2014 advising the Court as to whether it should exercise its discretion to retain jurisdiction over the NYSHRL and NYCHRL claims, as all of Plaintiff's federal claims had been dismissed with prejudice. The NYU Langone Medical center submitted a letter dated February 25, 2014 arguing that the Court should decline to exercise supplemental jurisdiction over the remaining claims. Plaintiff submitted a letter dated March 7, 2014 requesting the Court to retain jurisdiction.

The Court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).[1] "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). Before declining to exercise supplemental jurisdiction, however, the Court must determine for itself that its exercise "would not promote the[se] values." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d

---

[1] The Court has original jurisdiction only over Plaintiff's federal claims, as complete diversity of citizenship does not exist. (Second Am. Compl. 1.) See Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 740 (2014) (noting that "complete diversity of citizenship among all plaintiffs and defendants" is the "ordinary requirement" for diversity jurisdiction).

234, 245 (2d Cir. 2011) (quoting Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004)).

Here, declining jurisdiction would not disserve judicial economy, convenience, or fairness, as Plaintiff's federal claims are being dismissed relatively early in the litigation, before Defendant's answer and the commencement of discovery. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 124 (2d Cir. 2006) (reversing the district court's exercise of supplemental jurisdiction in part because "Plaintiffs' federal-law claims were eliminated on a motion to dismiss, prior to the investment of significant judicial resources"). Indeed, judges in this district have declined to exercise supplemental jurisdiction over state-law claims even when the federal claims were dismissed on summary judgment. See, e.g., Karmel v. Claiborne, Inc., No. 99 Civ. 3608 (IWK), 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002); Cobbs v. CBS Broad. Inc., No. 97 Civ. 8284 (MBM), 1999 WL 244099, at *8 (S.D.N.Y. Apr. 26, 1999).

Moreover, comity counsels against exercising jurisdiction over Plaintiff's NYCHRL claim, as the NYCHRL "has a lower threshold of proof than its federal counterparts" and "has been applied primarily at the intermediate appellate level of the state courts, with limited opportunity for the New York Court of Appeals to construe it." Thomas v. City of New York, 953 F. Supp. 2d 444, 462 (E.D.N.Y. 2013). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

This is, evidently, a "usual case," as courts regularly decline jurisdiction over NYSHRL and NYCHRL claims once the federal employment claims have been dismissed. See, e.g., Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 402 (S.D.N.Y. 2011); Bernstein v.

The MONY Grp., Inc., 228 F. Supp. 2d 415, 420 (S.D.N.Y. 2002).

Accordingly, Plaintiff's claims against the NYU Langone Medical Center under the NYSHRL and NYCHRL arising from the first "failure to promote" alleged to have occurred in 2008 are dismissed without prejudice to re-filing those claims in state court.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  March 11, 2014
        New York, New York

_____
Ronnie Abrams
United States District Judge